UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY MUXLOW FARMS, LLC, CAL MUXLOW and TY MUXLOW,<br><br>Plaintiffs,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., OR-CAL, INC., ORO AGRI, INC.,<br><br>Defendants. | Case No.   1:24-cv-01015-KES-HBK<br><br>**ORDER DIRECTING DEFENDANT NUTRIEN AG SOLUTIONS TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT**<br><br>(Doc. No. 1) |

This matter is before the Court sua sponte following a review of the pleadings. Because this Court's subject matter jurisdiction is not clearly established on the face of the pleadings, Defendant Nutrien AG Solutions, Inc. will be allowed an opportunity to show cause why this matter should not be remanded to state court.

**I.     PROCEDURAL HISTORY**

On June 18, 2024, Plaintiffs Andy Muxlow Farms, LLC, Cal Muxlow, and Ty Muxlow filed a complaint in the Tulare County Superior Court against Defendants Nutrien AG Solutions, Inc. ("Nutrien"); Or-Cal, Inc. dba Orcal; Oro Agri, Inc ("Oro Agri"); Bayer Cropscience LP; Brandt Consolidated, Inc.; and Does 1 to 50.[1]  (Doc. 1-1 at 5-17).  The complaint raises various

---

[1] The claims against Bayer and Brandt were subsequently voluntarily dismissed.  (Doc. Nos. 8,

1

1    claims based on alleged damage to Plaintiffs' stone fruit trees from products sold, manufactured,
2    and/or recommended to Plaintiffs by Defendants. (*See generally id.*). Of relevance, the
3    complaint alleges that all Plaintiffs are citizens of California and Oro Agri "is a corporation
4    incorporated in Missouri, with its principal place of business in Fresno, California." (Doc. 1-1 at
5    ¶¶ 1-3, 6).

6    On August 26, 2024, Nutrien removed the action to this Court, alleging diversity
7    jurisdiction. (Doc. 1). Nutrien alleges "complete diversity of citizenship exists because Plaintiffs
8    are citizens of the State of California, and no defendant is a citizen of the State of California."
9    (Doc. 1 at ¶ 5). Specifically, Nutrien represents Oro Agri "was sold to RovensaNext in 2021
10   prior to the events leading to this litigation" and RovensaNext is a Spanish corporation with its
11   principal place of business in Madrid, Spain" such that "it is a citizen of Spain for purposes of
12   diversity." (*Id.* at ¶ 14).

13   After removal, Oro Agri answered the complaint, admitting Plaintiffs' citizenship
14   allegations. (Doc. No. 11 at 2 (admitting the allegation of paragraph 6 of the complaint)). Oro
15   Agri also brought a crossclaim, in which it asserted it "is a Missouri corporation with its principal
16   place of business in Fresno, California." (*Id.* at 25).

17   **II.    LAW AND ANALYSIS**

18   Courts "have an independent obligation to determine whether subject-matter jurisdiction
19   exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500,
20   514 (2006) (citation modified). Subject matter jurisdiction "can never be forfeited or waived."
21   *Id.* Rather, "[t]he objection that a federal court lacks subject-matter jurisdiction … may be raised
22   by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the
23   entry of judgment." *Id.* at 506. The "party asserting federal jurisdiction bears the burden of
24   proving the case is properly in federal court." *Farmers Direct Prop. & Cas. Ins. Co. v. Perez*,
25   130 F.4th 748, 756 (9th Cir. 2025). Where, as here, a case is removed from state to federal court,
26   "[i]f at *any* time before final judgment it appears that the district court lacks subject matter
27
28   28).

jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Federal courts have jurisdiction over civil actions between citizens of different states, including where citizens of a foreign state are additional parties, so long as the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). There must be complete diversity between plaintiffs and defendants for diversity jurisdiction to exist. *Nike, Inc. v. Commercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994). For purposes of diversity jurisdiction, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). There is "no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction." *Nike*, 20 F.3d at 990.

Here, Oro Agri has admitted its principal place of business is in California, making it a citizen of California. (Doc. No. 11 at 2, 25). Because all Plaintiffs are also citizens of California, there is not complete diversity and this Court lacks jurisdiction over the entire action. *See Arbaugh*, 546 U.S. at 502. Although Nutrien points to the citizenship of Oro Agri's parent company to support diversity, Oro Agri maintains separate citizenship from RovensaNext absent a showing of an alter ego relationship between the corporations. *3123 SMB LLC v. Horn*, 880 F.3d 461, 467-68 (9th Cir. 2018); *see also Nike*, 880 F.3d at 990-91 (considering citizenship of both parent and subsidiary corporations in analyzing diversity between the parties). In the absence of any evidence of such a relationship, it is Oro Agri's citizenship that is relevant for diversity purposes. As such, Oro Agri's presence in this action destroys complete diversity and this Court lacks subject matter jurisdiction.

Accordingly, it is **ORDERED**:

1. Within twenty-one (21) days of the date of this Order, Nutrien, as the party asserting federal jurisdiction, shall show cause why this matter should not be remanded to the Tulare County Superior Court.

2. Failure to respond to this order will result in the recommendation that the case be

1 | remanded based on a lack of subject matter jurisdiction.

Dated: July 24, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4